■ In the Matter of JOHN M. BARNES, Petitioner, v CITY OF ALBANY et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of Public Safety of the City of Albany discharging petitioner from his position with the Albany Police Department. Petitioner John Barnes was employed as a patrolman in the Albany Police Department when, while he was off duty at approximately 11:00 P.M. on May 2, 1979, he came upon an admittedly suspicious situation at Swinton and Oak Streets in the City of Albany wherein merchandise was being transferred from a tractor trailer of the Iroquois Millwork Corporation to a blue pickup truck. After a cursory investigation, he apparently concluded that a legal business transaction was taking place and so informed two on-duty police officers who shortly thereafter appeared on the scene. Nonetheless, these officers proceeded to conduct their own more thorough investigation and quickly determined that the legality of the transfer of the merchandise was highly questionable. Thereafter, the people at the scene were asked to come to the Arbor Hill Neighborhood Police Unit Station, and ultimately, one of their number, but not petitioner, was indicted for criminal possession of stolen property. As a consequence of this incident, petitioner was charged in a specification with conduct unbecoming to a police officer and neglect of duty. Following an extensive hearing on the matter, the charges were sustained, and, as punishment, he was discharged from his position with the Albany Police Department. The instant proceeding ensued. We hold that the challenged determination should be confirmed. It is uncontested that petitioner, even though he was off duty, had an obligation to investigate into the propriety of the circumstances surrounding this incident. Moreover, not only did petitioner concede at the hearing that his investigation had been less than thorough, but also his counsel in closing remarks made a similar admission and suggested that petitioner "didn't go far enough" with his investigation. As for the penalty imposed, we likewise cannot say it is unjustified when petitioner's present conduct is considered together with his prior record. There have been several previous determinations that petitioner was guilty of neglect of duty, and at least one of these, petitioner's admitted

alteration of a sick slip issued to him by a police physician, raised a serious question as to petitioner's integrity. Under these circumstances, the termination of petitioner's employment should not be disturbed (cf. *Matter of Bal v Murphy*, 43 NY2d 762, mot for rearg den 44 NY2d 852). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.